[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-15069
Non-Argument Calendar
_____

D.C. Docket No. 4:19-cr-00048-WTM-CLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARION ANTWAN HUGHES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(March 8, 2021)

Before WILSON, ROSENBAUM, and BLACK, Circuit Judges.

PER CURIAM:

Darion Hughes appeals his 63-month sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  Hughes asserts the district court erred by applying a sentencing enhancement for possessing a firearm in connection with another felony offense, pursuant to U.S.S.G. § 2K2.1(b)(6)(B). No reversible error has been shown, and we affirm Hughes' sentence.

Under U.S.S.G. § 2K2.1, a four-level enhancement applies if the defendant "used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense."  U.S.S.G. § 2K2.1(b)(6)(B).  The enhancement applies automatically in drug trafficking offenses when the firearm is found in close proximity to drugs, drug manufacturing materials, or drug paraphernalia.  *United States v. Bishop*, 940 F.3d 1242, 1250 (11th Cir. 2019); U.S.S.G. § 2K2.1(b)(6)(B), comment. n.14(B).  But for other felonies, it only applies if the district court finds the firearm facilitated or had the potential to facilitate the other felony.  *Bishop*, 940 F.3d at 1250.  The government bears the burden of proving, by a preponderance of the evidence, the facts necessary to support a challenged sentencing enhancement.  *United States v. Martinez*, 584 F.3d 1022, 1027 (11th Cir. 2009).

2

The district court did not clearly err in finding the evidence supported that Hughes possessed the firearm while conducting drug sales. *See Bishop*, 940 F.3d at 1250 ("A district court's determination that a defendant possessed a gun 'in connection with' another felony offense is a finding of fact that we review for clear error."); *United States v. Monzo*, 852 F.3d 1343, 1345 (11th Cir. 2017) (stating the district court's choice between two permissible views of the evidence will rarely constitute clear error, so long as the basis of the court's decision is supported by the record and the court did not misapply a rule of law). Hughes was told to "[g]rab the 38" and responded by text that he "[g]ot it" around the time he was arranging drug transactions with the same individual. "Grab the 38" can reasonably be understood to refer to the .38 caliber pistol, as supported by Detective Newman's testimony, especially given that this was the same caliber pistol Hughes pleaded guilty to possessing. Because this exchange took place while Hughes was conducting a drug transaction on the phone, the district court did not err by finding that Hughes possessed a gun while committing another felony and applying U.S.S.G. § 2K2.1(b)(6)(B).

**AFFIRMED.**

3